1
2
3
4
5
6
7

8                           **UNITED STATES DISTRICT COURT**

9                           **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10   D.R., by and through her guardian *ad-litem*, Vanessa Gonzalez; and CHRISTOPHER RAMIREZ,<br><br>Plaintiffs,<br>v.<br>CITY OF ANAHEIM; CITY OF IRVINE; NICK BENNALLACK and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 8:20-cv-00659-DOC-JDE<br><br>**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**<br><br>[Note Change by the Court to ¶ 11] |

  For good cause shown (see Dkt. 37), the Court finds and orders as follows.

  On or about July 13, 2020, the parties stipulated to a protective order regarding confidential information and seek to have a protective order entered by the Court based on that stipulation. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

  1.   **Good Cause Statement**: This action is likely to involve information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential

1  materials and information consist of, among other things, the Orange County
2  District Attorney's Office Officer Involved Shooting Investigation, the Anaheim
3  and Irvine Police Dept. reports, the City of Anaheim Police Department's Body
4  Worn Camera videos (which include information implicating privacy rights of
5  third parties), the City of Anaheim internal investigation and/or the Officer's
6  personnel files (including information implicating privacy rights of third parties),
7  information otherwise generally unavailable to the public, or which may be
8  privileged or otherwise protected from disclosure under state or federal statutes,
9  court rules, case decisions, or common law.  Accordingly, to expedite the flow
10 of information, to facilitate the prompt resolution of disputes over confidentiality
11 of discovery materials, to adequately protect information the parties are entitled
12 to keep confidential, to ensure that the parties are permitted reasonable necessary
13 uses of such material in preparation for and in the conduct of trial, to address
14 their handling at the end of the litigation, and serve the ends of justice, a
15 protective order for such information is justified in this matter.  It is the intent of
16 the parties that information will not be designated as confidential for tactical
17 reasons and that nothing be so designated without a good faith belief that it has
18 been maintained in a confidential, non-public manner, and there is good cause
19 why it should not be part of the public record of this case.
20         2.     If necessary in the judgment of the attorneys for the parties in this
21 case, they may show or reveal the contents of the File to their experts and/or
22 investigators, if the same may actively assist in the prosecution of this case.
23         3.     Duration: Once a case proceeds to trial, all of the information that
24 was designated as confidential or maintained pursuant to this protective order
25 becomes public unless compelling reasons supported by specific factual findings
26 to proceed otherwise are made to the trial judge in advance of the trial.
27 <u>Kamakana v. City and County of Honolulu</u> (9th Cir. 2006) 447 F.3d 1172, 1180-
28 1181 (distinguishing "good cause" showing for sealing documents produced in

discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

   4.  Filing Protected Material: The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-1211 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable— constitute good cause.

  Further, if a party requests sealing related to a motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the

requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration. Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.  For the purposes of a dispositive motion (Motion for Summary, Opposition and Reply) the parties stipulate and agree that documents in the DA's Investigation to be produced by the City of Anaheim (when it is completed) in discovery do not need to be filed under seal for the purposes of a dispositive motion.

     5.     Final Disposition:  Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  <u>Kamakana</u>, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.  After the final disposition of this Action,  within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material and/or Confidential Information to the Producing Party or shall destroy such material, including all copies and extracts thereof, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material and/or Confidential Information with the exception of those documents affected by the

attorney work-product doctrine or attorney-client privilege. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain material Protected Material and/or Confidential Information produced subject to this order. Any such archival copies that contain or constitute Protected Material and/or Confidential Information remain subject to this Protective Order.

6. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Designations shall not be made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties).

7. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which

1  documents it would like copied and produced.  During the inspection and before
2  the designation, all of the material made available for inspection shall be deemed
3  "CONFIDENTIAL." After the inspecting Party has identified the documents it
4  wants copied and produced, the Producing Party must determine which
5  documents, or portions thereof, qualify for protection under this Order. Then,
6  before producing the specified documents, the Producing Party must affix the
7  "CONFIDENTIAL legend" to each page that contains Protected Material. If only
8  a portion of the material on a page qualifies for protection, the Producing Party
9  also must clearly identify the protected portion(s) (e.g., by making appropriate
10 markings in the margins).

11      8.   Any Party or Non-Party may challenge a designation of
12 confidentiality at any time that is consistent with the Court's Scheduling Order.
13 The Challenging Party shall initiate the dispute resolution process under Local
14 Rule 37-1 et seq.

15      9.   The Receiving Party shall cause the substance of this order to be
16 communicated to each person to whom Confidential information or items is
17 revealed in accordance with this order and prior to disclosure of the Confidential
18 Information, have such person execute a written Understanding and Agreement
19 to be bound by this Stipulation for Protective Order in the form attached hereto
20 as Exhibit 1.

21     10.   Right to Assert Other Objections. By stipulating to the entry of this
22 Protective Order, no Party waives any right it otherwise would have to object to
23 disclosing or producing any information or item on any ground not addressed in
24 this Stipulated Protective Order. Similarly, no Party waives any right to object on
25 any ground to use in evidence of any of the material covered by this Protective
26 Order.

27     11.   The attorneys for the Plaintiffs shall not cause or knowingly permit
28 disclosure of the contents of the File beyond the disclosure permitted under the

terms and conditions of this order, including but not limited to any news media which is inclusive of film or video, television, radio or print. However, nothing in this Order prevents any party from complying with lawful process compelling production issued by a court or government agency.

FOR GOOD CAUSE SHOWN (see Dkt. 37), IT IS SO ORDERED:

Dated: July 21, 2020

By: _____
JOHN D. EARLY
United States Magistrate Judge

# EXHIBIT 1

## UNDERSTANDING AND AGREEMENT

## PURSUANT TO PROTECTIVE ORDER

I declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Central District of California in the case of <u>D.R. et al v. CITY OF ANAHEIM, et. al</u>., Case No.:8:20-cv-00659 DOC (JDEx), now pending in the District Court. I understand the Stipulation and Order and agree to comply with and to be bound by all the terms of the Stipulation and Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of the Stipulation and Protective Order.

DATED:_____

By: _____
    SIGNATURE

_____
PRINT NAME

_____
ADDRESS

_____
CITY, STATE, ZIP

138502